Model Plan     Trustee: ☐ Marshall   ☐ Meyer
11/22/2013     ☐ Stearns   ■ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| In re: | ) | Case No. **15-31647** |
|---|---|---|
| **Veronica Denise Maise** | ) | |
| Debtors. | ) | Modified Chapter 13 Plan, dated 2/21/16 |

■ A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **2**; (b) their ages are **51, 51,**; (c) total household monthly income is $ **7,565.32**; and (d) total monthly household expenses are $ **3,712.31**, leaving $ **3,853.01** available monthly for plan payments.

2. The debtor's Schedule J includes $ **25.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___ months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor:  -NONE- , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ **3,853.00** monthly for **12** months [and **$6,025.00 per month for 48 months**], for total payments, during the initial plan term, of $ **335,436.00**. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion*. ■ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ **16,771.80**. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To creditor **JPMorgan Chase Bank, N.A.** , monthly payments of $ **204.15** . These payments, over the term of the plan, are estimated to total $**12,249.00**.

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ **12,249.00** . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

(a) Creditor: __Ally Financial__   Collateral:__2013 Jeep Grand Cherokee Overland with 20,000 Miles__
__Value Per KBB, PPV__
__50% Interest with Non-Filing Spouse__

Amount of secured claim: $ __32,057.29__ APR __9.4__ %   Fixed monthly payment:$ __671.70__ ;
Total estimated payments, including interest, on the claim: $__40,301.78__. ☐ Check if non-PMSI

(b) Creditor: __Chrysler Capital__   Collateral:__2013 Dodge Charger with 15,000 Miles__
__Value Per KBB, PPV__
__50% Interest with Non-Filing Spouse__

Amount of secured claim: $ __25,341.90__ APR __4.25__ %   Fixed monthly payment:$ __538.31__ ;
Total estimated payments, including interest, on the claim: $__27,772.54__. ☐ Check if non-PMSI

(c) Creditor: __Federal National Mortgage Association__   Collateral:__4204 Main Street, Skokie, Illinois 60076__
__Single Family Dwelling__
__Purchased in 1995 (Purchase Price $162,000)__
__Value Per Zillow.com__
__PIN#: 10-22-214-062-0000__
__The Estate of Mildred M. Maise, Deceased__
__50% Interest with Non-Filing Spouse__

Amount of secured claim: $ __98,098.27__ APR __5__ %   Fixed monthly payment:$ __1,851.24__ ;
Total estimated payments, including interest, on the claim: $__111,074.07__. ☐ Check if non-PMSI

(d) Creditor: __Jared/Sterling Jewelers__   Collateral:__Jewelry__
Amount of secured claim: $ __717.64__ APR __1__ %   Fixed monthly payment:$ __12.27__ ;
Total estimated payments, including interest, on the claim: $__735.94__. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __179,884.33__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority.  No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __2,240.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor  __JPMorgan Chase Bank, N.A.__ , arrears of $ __5,024.25__ , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ __5,024.25__ .

**3**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __71,124.41__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: __N/A__ .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ■ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than __N/A__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ☐ Interest shall not be paid on unsecured claims /or/ ■ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __2__ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.** *Priority*   The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.** *Special terms*   Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)    $ __335,436.00__

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees    $ __16,771.80__
   (b) Current mortgage payments    $ __12,249.00__
   (c) Payments of other allowed secured claims    $ __179,884.33__
   (d) Priority payments to debtor's attorney    $ __2,240.00__
   (e) Payments of mortgage arrears    $ __5,024.25__
   (f) Payments of non-attorney priority claims    $ __71,124.41__
   (g) Payments of specially classified unsecured claims    $ __0.00__
   (h) Total *[add Lines 2a through 2g]*    $ __287,293.79__

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*    $ __48,142.21__

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)    $ __43,821.82__
   (b) Minimum GUC payment percentage    __100__ %
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*    $ __43,821.82__
   (d) Estimated interest payments on unsecured claims    $ __0.00__
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]*    $ __43,821.82__
   (f) Payments available during initial term *[enter Line 3]*    $ __48,142.21__
   (g) Additional payments required *[subtract Line 4f from Line 4e]*    $ __-4,320.39__

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee    $ __N/A__
   (b) Months in maximum plan term after initial term    __N/A__
   (c) Payments available *[multiply line 5a by line 5b]*    $ __N/A__

**Section I.**
*Payroll Control*

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**    **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____

**Debtor's Attorney**    __/s/ Paul Bach__    **Date** __February 21, 2016__

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 15-31647   Doc 42   Filed 02/22/16   Entered 02/24/16 23:47:25   Desc Imaged
Certificate of Notice   Page 6 of 8

| *Attorney Information (name, address, telephone, etc.)* | **Paul Bach**<br>**Sulaiman Law Group, Ltd.**<br>**900 Jorie Boulevard**<br>**Suite 150**<br>**Oak Brook, IL 60523**<br>**630-575-8181**<br>**Fax: 630-575-8188** |
|---|---|

**Special Terms** *[as provided in Paragraph G]*

> **1. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).**

Software Copyright (c) 1996-2016  Best Case, LLC - www.bestcase.com                                                                                                Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                                   Case No. 15-31647-JPC
Veronica Denise Maise                                                                    Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: lhuley              Page 1 of 2              Date Rcvd: Feb 22, 2016
                              Form ID: pdf003           Total Noticed: 41

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 24, 2016.
```
db             +Veronica Denise Maise,    4204 Main Street,    Skokie, IL 60076-2047
24044348       +Atlas Acquisitions LLC (Castle Peak),    294 Union St.,    Hackensack, NJ 07601-4303
23714745      ++CONTINENTAL FINANCE COMPANY LLC,    PO BOX 8099,    NEWARK DE 19714-8099
               (address filed with court: Continental Finance,      P.O. Box 8099,    Newark, DE 19714)
23714739       +Cbna,   Po Box 6497,    Sioux Falls, SD 57117-6497
23714740        Chase,   PO Box 9001020,    Louisville, KY 40290-1020
23714741       +Chase,   Attn: Home Equity Loan Servicing,    PO Box 24714,    Columbus, OH 43224-0714
23820202       +Chrysler Capital,    PO Box 961275,    Ft. Worth, TX 76161-0275
23714743       +CitiMortgage, Inc.,    1000 Technology Drive,    O Fallon, MO 63368-2240
23714744       +Codilis & Associates, P.C.,    15W030 N. Frontage Road, Suite 100,    Burr Ridge, IL 60527-6921
23714746       +Cook County Assesor's Office,    118 N. Clark Street,    Chicago, IL 60602-1304
23714747       +Cook County Treasurer,    PO Box 805436,    Chicago, IL 60680-4155
23714748        Equifax Information Services, LLC,    1550 Peachtree Street NW,     Atlanta, GA 30309
23714749       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23759454       +FEDERAL NATIONAL MORTGAGE ASSOCIATION,    Seterus, Inc. aka Kyanite Services, Inc.,
                 14523 SW Millikin, Suite 200,    Beaverton, OR 97005-2352
23714750       +Federal National Mortgage Association,    3900 Wisconsin Avenue NW,    Washington, DC 20016-2806
23820205       +IL Department of Revenue,    2006 E. 95th Street,    Chicago, IL 60617-4788
23714751       +JPMorgan Chase Bank, N.A.,    Attn: Foreclosure Department,    10 S. Dearborn Street, 42nd Floor,
                 Chicago, IL 60603-2318
23714752       +Mabt/Continental Finance,    121 Continental Drive, Suite 1,    Newark, DE 19713-4347
23820211       +Medical Recovery Specialists, Inc.,    2250 E. Devon Avenue, Suite 352,
                 Des Plaines, IL 60018-4519
23820212       +NorthShore University Health System,    2650 Ridge Avenue,    Evanston, IL 60201-1718
23820213       +NorthShore University HealthSystem,    23056 Network Place,    Chicago, IL 60673-1230
24017471       +Porania LLC,   c/o BIltmore Asset Management,    24500 Center Ridge Rd Ste 472,
                 Westlake, OH 44145-5605
23714753       +Santander,   8585 N. Stemmons Freeway,    Suite 900,    Dallas, TX 75247-3822
23714742       +Santander Consumer USA, Inc.,    d/b/a Chrysler Capital,    Po Box 961275,
                 Ft Worth, TX 76161-0275
23820203       +Seterus,   14523 SW Millikan Way,    Suite 200,    Beaverton, OR 97005-2352
23714754       #Seterus Inc.,    PO Box 2008,   Grand Rapids, MI 49501-2008
23714755        Seterus, Inc.,    PO Box 54420,   Los Angeles, CA 90054-0420
23714756       +Trans Union LLC,    P.O. Box 2000,   Chester, PA 19022-2000
23820208       +jared/Sterling Jewelers,    PO Box 1799,   Attn: Bankruptcy,    Akron, OH 44309-1799
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
23771872        E-mail/Text: ally@ebn.phinsolutions.com Feb 23 2016 01:57:07      Ally Financial,
                 PO Box 130424,    Roseville, MN 55113-0004
23714738        E-mail/Text: ally@ebn.phinsolutions.com Feb 23 2016 01:57:07      Ally Financial,
                 Ally Servicing LLC,    PO Box 130424,    Reseville, MN 55113-0004
24039425       +E-mail/Text: bnc@atlasacq.com Feb 23 2016 01:57:14      Atlas Acquisitions LLC,    294 Union St.,
                 Hackensack, NJ 07601-4303
23820207        E-mail/Text: cio.bncmail@irs.gov Feb 23 2016 01:57:28      IRS Department of Treasury,
                 ACS Support - Stop 5050,    PO Box 219236,    Kansas City, MO 64121
23820204        E-mail/Text: rev.bankruptcy@illinois.gov Feb 23 2016 01:58:14
                 Illinois Department of Revenue,    Bankruptcy Section,    PO Box 64338,    Chicago, IL 60664-0338
23820209       +E-mail/Text: ebnsterling@weltman.com Feb 23 2016 01:57:45      Jared,   375 Ghent Road,
                 Akron, OH 44333-4601
24133284        E-mail/PDF: resurgentbknotifications@resurgent.com Feb 23 2016 01:55:01
                 LVNV Funding, LLC its successors and assigns as,     assignee of QPL-LC Trust,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
23820210       +E-mail/Text: bk@lendingclub.com Feb 23 2016 01:59:15      Lending Club,
                 71 Stevenson, Suite 300,    San Francisco, CA 94105-2985
24143552        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 23 2016 02:11:33
                 Portfolio Recovery Associates, LLC,    successor to Citibank, N.A.,     (BEST BUY VISA),
                 POB 41067,   Norfolk VA 23541
23820214       +E-mail/Text: bankruptcy@risecredit.com Feb 23 2016 01:59:13      Rise,
                 4150 International, Suite 300,    Fort Worth, TX 76109-4819
23860553       +E-mail/Text: hochheiser@buckleyking.com Feb 23 2016 01:57:13      Sterling Jewelers, Inc.,
                 dba Jared The Galleria of Jewelry,    c/o Buckley King LPA,    600 Superior Avenue, Suite 1400,
                 Cleveland, Ohio 44114-2693
23792112        E-mail/PDF: gecsedi@recoverycorp.com Feb 23 2016 01:54:57      Synchrony Bank,
                 c/o Recovery Management Systems Corp.,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
                                                                                              TOTAL: 12
```

         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
District/off: 0752-1           User: lhuley              Page 2 of 2              Date Rcvd: Feb 22, 2016
                               Form ID: pdf003          Total Noticed: 41

23986739*        +Internal Revenue Service,    P.O. Box 7346,    Philadelphia, PA 19101-7346
23820206*        +Internal Revenue Service,    PO BOx 7346,    Philadelphia, PA 19101-7346
                                                                                 TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 24, 2016                                    Signature:  /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 21, 2016 at the address(es) listed below:
              Charles L. Magerski    on behalf of Debtor 1 Veronica Denise Maise Cmagerski@sulaimanlaw.com,
               courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbadwan@sulaimanlaw.co
               m;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
              Jose G Moreno    on behalf of Creditor   Federal National Mortgage Association
               nd-one@il.cslegal.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Paul M Bach    on behalf of Debtor 1 Veronica Denise Maise ecfbach@gmail.com,
               ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;m
               badwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexp
               ress.info
              Tom   Vaughn    ecf@tvch13.net,   ecfchi@gmail.com
                                                                                             TOTAL: 5
```